The document below is hereby signed.

Signed: January 14, 2020



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TESAE CHRISTINE HARRINGTON, | ) | Case No. 19-00813 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING MOTION TO REINSTATE CASE

The court dismissed this case because the debtor had not filed a certificate establishing that she had completed credit counseling prepetition as required by 11 U.S.C. § 109(h). The debtor has filed a motion to reinstate the case. She contends that she completed prepetition credit counseling on December 10, 2019 (before filing this case on December 11, 2019), and attaches e-mails from the credit counseling agency that she believes establishes this. She believes that upon receiving a Financial Analysis on December 10, 2019, she had completed prepetition credit counseling. However, her Exhibit 2 directed: "<u>Once you receive the Financial Analysis</u>, please review it and **log into the messaging system . . . to respond to your Credit Counselor at your earliest.**" (Underscoring and bolding in original.) The

next sentence then indicated: "As part of the credit counseling session, **you are required to use the Online Secured Messaging with Credit Counselor prior to completion**." (Emphasis added.) Nothing in the debtor's exhibits show that after receiving her Financial Analysis the debtor logged into the messaging system to contact her Credit Counselor in order to complete the credit counseling. It is unfortunate that the debtor appears to have misunderstood the e-mails sent to her and mistakenly believed that she had completed credit counseling upon receiving the Financial Analysis. The certificate she received on December 13, 2019, clearly indicates that the debtor completed credit counseling on December 13, 2019. The debtor has not shown that she completed prepetition credit counseling before filing her petition on December 11, 2019, and § 109(h) is clear that the credit counseling must be completed prepetition.

Under 11 U.S.C. § 521(b)(1), the debtor was required to file "a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor." The debtor has not filed a certificate showing that she received **prepetition** credit counseling as required by 11 U.S.C. § 109(h), and thus has not complied with § 521(b)(1). It is thus

ORDERED that the motion to reinstate this case (titled *Motion to Reinstates My Case* (Dkt. No. 36)) is DENIED.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); all entities on the BNC mailing list.